## CHARLES F. MICHAEL'S APPEAL FROM COUNTY COMMISSIONERS.

The owner of a building who knowingly permits a portion of it to be used for the sale of liquor in violation of law, is not a suitable person to conduct the same business in such building under a license, immediately succeeding such illegal use of the premises.

A building which has become the abiding place of lawbreakers or of crime, or which has long been used for the illegal sale of liquors, is not a suitable place in which to sell liquors under a license.

[Superior Court for Hartford County, September Term, 1893.]

APPEAL from the decision of the Board of County Commissioners for Hartford County, refusing to grant a license to the appellant to sell spiritous and intoxicating liquors, on the ground that he was an unsuitable person to be licensed.

The appeal was taken under the provisions of chapter 175, Public Acts of 1893.

The county commissioners having decided that the place in which the appellant applied for a license was a suitable one, and an appeal having been taken by the applicant only, a preliminary question arose on the trial, whether evidence to prove that the place was an unsuitable one, was admissible; the appellant claiming that the issue was only on the personal fitness of the applicant. The court decided that the case was to be tried *de novo*, and that the issues, under § 3053 of the General Statutes, were first, is the applicant a suitable person to be licensed? and second, is the place a suitable one? The evidence in question was therefore admitted.

*John J. Jennings*, for the appellants.

*F. L. Hungerford* and *Epaphroditus Peck*, for the appellees, remonstrants before the county commissioners.

GEO. W. WHEELER, J. The County Commissioners of Hartford County refused to grant Charles F. Michael a license to sell intoxicating liquors in the town of Bristol, upon the ground that he was an unsuitable person. Mr. Michael appealed under the provisions of chapter 175 of Public Acts of 1893, from the decision of the county commissioners to the Superior Court. The court treated the case as *de novo* before it.

It appeared in evidence that the place in which the applicant desired to secure a license to sell intoxicating liquors was the Commercial House, located in said Bristol. The license year begins on the first day of November of each year. During the period between November 1st, 1892, and November 1st, 1893, no licenses could by law be granted in the town of Bristol. During said period Mr. Michael was admittedly the owner of the Commercial House, and running the hotel part of the house in distinction from the bar-room part. It is likewise admitted that liquor was sold in said bar-room contrary to law during the whole or the larger part

of this period. Mr. Michael does not deny that he knew liquors were sold in the bar-room of the Commercial House during this period, and it is a fact that he did know of this. They were sold in large quantities in this bar-room ; numbers of persons congregated there, drunken men were seen from time to time coming out of the bar-room, and the location was the center of much disorder. The bar-room was connected with the rest of the house, and no attempt was made to shut it off by itself.

During all of this time Michael lived in and was the proprietor of the hotel, and during this period various men were convicted of selling liquor contrary to law in this bar-room ; searches for liquor were made by the officers of the law, and liquors found in and about this bar-room were confiscated. On two occasions Mr. Michael was present while the officers of the law were engaged in their search.

Upon this evidence alone a trier could not help but find that Michael knew of the continued violation of the liquor law on his premises. He was the owner of the building. These various occupants of the bar-room were, it is claimed, although there is no evidence and no offer of evidence of the fact, tenants of Mr. Michael. Mr. Michael never made the least effort to prevent their use of his premises for the purpose of violating the law. So that the case of the applicant presented in its most favorable light is this : The owner of a building used as a hotel leases the bar-room of the hotel to tenants who openly, wantonly and continuously use the premises for the purpose of violating the liquor law; this is done with the knowledge of the owner of the building who himself occupies all the rest of the building for a hotel, and without his protest. Is this owner a suitable man to have a license granted him ? Is this bar-room where the law has been impudently violated for an entire year a suitable place within the meaning of the law?

No owner of a building who permits, with no effort to check it, the law to be violated in his building, by his tenants in the conduct of a liquor business, is a suitable person in the eye of the law to conduct the same business in the.

same place under the license of the law, immediately succeeding such use of his premises. The law to-day legitimizes the sale of liquor in Bristol under a license. Around the sale it imposes conditions, prescribes regulations and inflicts penalties. The man who is himself regardless of the law, who suffers its violations upon his own property and under his own eye with no attempt to check it, cannot be expected to obey the law if he be given the privilege of conducting the same business which he has just suffered to be illegally conducted on his property.

The unsuitableness of the place depends upon the surroundings, the locality, the danger to public order, the character of the building itself and other circumstances.

Here, in the case before us, is a building in which the law has been long and seriously violated, where men have been taught the law can be violated with impunity; its character is that of a place where the law can be violated. I am called upon to judge whether that building is a suitable place for the sale of liquor. Its character is bad. I could not take the good character or good intentions of a proposed licensee to sell liquor therein, as a bill of health for the building. The building has a character that has become attached to it. It still bears the repute which its lawbreaking occupants gave it. The repute it bears will attract to it the disorderly, the lawbreaker, and the dangers the law seeks to minimize in the traffic of liquor will be increased if that traffic be permitted, by reason of such character.

A building which has become the abiding place of either lawbreakers or of crime cannot be a suitable place in which to sell liquors. A building which has been used for a long period in which to violate law is not a suitable place in which to sell liquors.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Michael rested his case solely upon the opinion of some of his townsmen that he was a suitable person, and upon his position in the community as a large property owner and an old hotel proprietor. I have taken these facts into consideration and given them all the weight they deserve, but

I cannot ignore, and I have no desire to ignore, that which is the indisputable proof in this case—Michael ran his bar-room contrary to law in the no license year, therefore he is not a suitable person to run his bar-room under the law this license year. * * * And the place so run in violation of law, has had its unlawful use so stamped upon it as to characterize it as an unsuitable place in the eye of the law.

Let judgment be entered denying the applicant his license, and for the remonstrants to recover of him their costs to be taxed as by law allowed parties in civil actions.